## A. H. BELO & CO. v. JOE FULLER.

### No. 7247.

1. **Libel.**—All persons engaged in the publishing and circulating of a libel are responsible therefor; and by reason of the doctrine of the several liability of tort-feasors, the remedy may be pursued against one or more of those guilty of the wrong.

2. **Same — Corporation Liable.** — In this State a corporation may be civilly responsible for libel. If a corporation publishes a libel by the aid and assistance of others, they will be equally guilty and will be held liable jointly or severally.

3. **Same—Stockholders.**—Liability for libel published by a corporation does not attach to stockholders as such, or members of the corporation, but from active participation in the publishing.

4. **Same— Newspaper Published by Corporation.**—A newspaper publication made in a paper owned and published by a corporation is the act of the corporation and not of the persons constituting its membership. Such persons are not liable for such publication unless they in some way aided or advised in it, or were officers of

the corporation and as such charged with the duty of directing and supervising the matter published.

5.  **Case in Judgment.**—Suit against certain parties alleged to compose the firm of A. H. Belo & Co., for a publication made in The Galveston News touching the plaintiff. It was shown that the newspaper was published by a corporation, of which defendants were stockholders.  The evidence failed to connect the defendants with the publication or circulation of the paper containing the libel, or that their duties as members or officers of the corporation were of such character that the law would impute to them an agency in its publication or circulation.  *Held*, that the defendants were not liable.

6.  **Libellous Publication.**—A publication falsely alleging that a party "was arrested and lodged in jail to-day on charge of theft," is libellous.

7.  **Libel—Damages—Malice.**—If defamatory words charge an actionable crime, and it be shown that there was in fact an entire absence of malice, actual damages may nevertheless be recovered to the extent that will compensate for the injury.  And if such publication be unauthorized the law will presume the existence of injury. Mental suffering and loss of character are elements of actual damages from such libel. The presumption of law of injury is conclusive.

8.  **Irrelevant Testimony.** —It was incompetent to admit in evidence the testimony of the plaintiff to an interview between himself and the local news agent of the Galveston News, had on a day subsequent to the publication.  It was not res gestæ.

9.  **Argument of Counsel.** — In concluding argument of counsel for plaintiff he read and commented upon the case of Belo v. Wren, 63 Texas, 686.  This was reprehensible and should not have been permitted by the trial court.

APPEAL from Bexar.  Tried below before Hon. G. H. NOONAN. No statement is necessary.

*Summerlin & Wise* and *L. N. Walthall,* for appellants.— 1.   The individual members of a corporation are not liable for the contracts or the torts of a corporation, excepting in the cases provided for in the Revised Statutes of this State in articles 594, 595, 608, and 610, which have no application to this case.   Baker v. Backus, 32 Ill., 79; Shaw v. Boylan, 16 Ind., 384; Coburn v. Wheelock, 34 N. Y., 440; Heacock v. Sherman, 14 Wend., 58; 1 Mora. on Corp., secs. 7, 46, 227.

2.   If in an action to recover damages it be affirmatively proved that the plaintiff sustained no injury, and if it be also proved that the defendants were not actuated by malice in the act complained of, then there can be no recovery for either compensatory or punitory damages. Stuart v. Tel. Co., 66 Texas, 580; McQueen v. Fulgham, 27 Texas, 463; Linney v. Maton, 13 Texas, 449.

3.   The court erred in allowing plaintiff to testify in his own behalf as to the conduct of O. H. P. Garrett, and of the conversation of said plaintiff with said O. H. P. Garrett; because said testimony was hearsay testimony, and said O. H. P. Garrett was not a party to this suit.

4.   Touching the objectionable argument of counsel for plaintiff in his closing speech:   Rules for District Courts, Nos. 39, 41, 121; Willis & Bro. v. McNeill, 57 Texas, 474; Hatch v. The State, 8 Texas Ct. App., 417; Thompson v. The State, 43 Texas, 271.

No brief for appellee reached the Reporter.

FISHER, JUDGE, *Section B.*—This is a suit by appellee against A. H. Belo, J. J. Hand, and D. C. Jenkins, composing the firm of A. H. Belo & Co., to recover damages for a libel alleged to have been published and circulated by A. H. Belo & Co., in the Galveston News, on the 10th day of February, 1887. Defendants answered, alleging, in substance, that A. H. Belo & Co. was a corporation at the time of said publication, and that the individuals sued were not personally liable for the acts of the corporation; that the libellous matter was retracted; that they entertained no malice toward the plaintiff, and that said publication was innocently made, under a mistake; that the words were not actionable, and that plaintiff has sustained no damages. The death of Hand was suggested, and the case as to him dismissed. Judgment was rendered in favor of appellee against A. H. Belo and D. C. Jenkins for the sum of $500 and costs of suit.

It is here contended, that it was error to render judgment against A. H. Belo and D. C. Jenkins, because they were not parties to the publication and circulation of the alleged libel, but that it was the act of A. H. Belo & Co., a corporation.

All persons engaged in publishing and circulating a libel are responsible therefor; and by reason of the doctrine of the several liability of tort-feasors, the remedy may be pursued against one or more of those guilty of the wrong. It was evidently the supposed application of this principle of law that influenced the trial court in submitting this case to the jury and in permitting a recovery to be had against the appellants. It is the law in this State that a corporation may be civilly responsible for libel. Railway v. Richmond, 73 Texas, 572. If a corporation publishes and circulates a libel by the aid and assistance of others, they are equally guilty, and will be held liable either jointly or severally, as the pleader may elect. Their liability does not grow out of the fact that they are stockholders or members of the corporation, but springs from their active agency in producing and circulating the libel. It is the corporation that is the publisher, and not the persons constituting its membership. Simply to show that persons are stockholders and officers of the publishing corporation will not make them responsible for libellous publications appearing in the paper, unless it is shown that they in some way aided and assisted and advised its publication or circulation, or unless their duties as officers of the concern were of such character as charges them with the performance of functions concerning the publication and circulation of the paper. Such duties being of such a nature that the law would imply that such officer knew or should have known of the publication of such libellous matter. Applying these principles to the facts of this case, we find the evidence fails to connect either of the appellants with the publication

or circulation of the paper containing the libel, or that their duties as members or officers of the corporation were of such character that the law would impute to them an agency in its publication or circulation. For this reason we reverse this case.

In view of another trial, we will briefly notice some of the questions presented in the remaining assignments. This is the libel complained of:

"Gregorio Narvalle and Joe Fuller, a hackdriver, were arrested and lodged in jail to-day on charge of theft."

It is insisted by appellant, "that these words are not in themselves actionable, and the evidence showing no malice or special injury, that appellee was not entitled to recover, and that the only element of actual damages shown is mental suffering, and that recovery can not be had alone for such damages."

Words which impute that the plaintiff has been guilty of a crime punishable with imprisonment are actionable per se. It is not necessary that the words to be actionable per se should make the charge in express terms. They are actionable if they consist of a statement of facts which would naturally and presumably be understood by the hearers as a charge of crime. 13 Am. and Eng. Encyc. of Law, pp. 347–353. We are of opinion, that the words charge an actionable crime. If the defamatory words charge an actionable crime, and it is shown that there is in fact an entire absence of malice, actual damages are nevertheless recoverable to the extent that will compensate the party for his injuries. Cool. on Torts, sec. 209; Pub. Co. v. Masman, 24 Pac. Rep., 1053; Same Case, 15 Colo., 399; 3 Suth. on Dam., p. 642. When the nature of the charge is actionable, as in this case, the law will assume, if the publication is unauthorized, that the plaintiff has been injured in his character and feelings; and evidence of damages in this respect is not required, as the law will presume that such loss resulted. 3 Suth. on Dam., 642, 643, 645, 646, 668, 669; 13 Am. and Eng. Encyc. of Law, 490; Boldt v. Budwig, 19 Neb., 744; Cherby v. Thompson, 137 Mass., 137; Mertle v. Chapin, 132 Mass., 226; Mahoney v. Belford, 132 Mass., 393.

We are not required in this case to decide whether plaintiff can recover damages on evidence alone showing mental suffering. The effect of the libel, in charging an actionable crime upon the character and reputation of the plaintiff, constitutes one of the principal elements of damages that the law recognizes are recoverable in all cases where the publication is unauthorized. This is upon the theory, that the recovery is given in pecuniary satisfaction for the loss of character and reputation. Considering this one of the elements of compensatory damages that are recoverable, we think it is permissible to consider in connection therewith, as a proper item of damages, the injured feelings of the party resulting from such publication. But in this connec-

tion the appellant contends, that it is shown by the testimony of appellee, that he suffered no loss to his character or reputation by reason of the libel. We do not so construe the evidence. But if susceptible of this construction, we do not believe the law will permit the evidence to have the effect contended for. The presumption of the law is, that the unauthorized publication of actionable words charging an infamous crime injures the character and reputation of the party against whom the libel is directed. This presumption that the law creates can not be dispelled simply by the opinion of the party, that it does not exist in his case. Injuries resulting to his character and feelings need not be proved in order to permit a recovery. Such injuries are presumed.

We think there was error in permitting the witness to testify as to what occurred between the appellee and the witness Garrett. It was no part of the res gestæ, and was an occurrence that had no connection with Garrett's duties as agent for appellants.

The conduct of counsel in his argument to the jury in referring to the case of Belo v. Wren, 63 Texas, 686, and his remarks in connection therewith, were not justified by the evidence, and were extremely reprehensible and should not have been permitted by the court.

The error in the verdict will not likely occur in another trial.

We conclude the case should be reversed, and so report it.

*Reversed and remanded.*

Adopted April 26, 1892.