THE FIRST NATIONAL BANK OF ARKANSAS CITY v. GEORGE E. HASIE.

No. 9270.

COUNTER-CLAIM—*for damages from wrongfully bringing action cannot be made in that action.* A cause of action accruing to a defendant, for damages resulting from a conspiracy between the plaintiff and another to bring an unjustifiable suit against him, and the bringing of such suit in pursuance of such conspiracy, cannot be set up by him in the case when brought, as a counter-claim in answer to the plaintiff's demand.

*Error from Cowley District Court.*
*Hon. M. G. Troup, Judge.*

REVERSED AND REMANDED.          OPINION FILED MARCH 6, 1897.

*J. C. Pollock,* for plaintiff in error.

*W. P. Hackney,* for defendant in error.

DOSTER, C. J.   This suit is upon negotiable promissory notes, executed by the defendant in error to one S. J. Rice, and by him indorsed and delivered, before their maturity, to the plaintiff in error, which instituted the action thereon. An answer was filed, alleging that the notes had been given to Rice in part payment for land; that the consideration therefor had failed; that an action had been instituted against Rice to recover a cash payment upon the land; that judgment had been rendered against him therefor; that plaintiff knew of the failure of consideration of

such notes before it acquired them, and was not a *bona fide* holder of the same, but had entered into a conspiracy with Rice to take such notes, and, pretending to be the owner thereof, to bring suit thereon ; that for the purpose of harassing the defendant and injuring him in his business, and in pursuance of such conspiracy, it had instituted action upon such notes ; for doing which, the defendant demanded damages as upon a counter-claim. In reply to this answer a general denial was filed.

On the trial the plaintiff objected to any evidence in support of the counter-claim, for the reason that such counter-claim did not arise out of the contract or transaction set forth in the petition, and did not exist at the time of the commencement of the suit. This objection was overruled ; and a verdict was returned and judgment was rendered against the plaintiff on the counter-claim..

The plaintiff's objection should have been sustained. In the case of the *Kansas Loan & Investment Co. v. Hutto et al.*, 48 Kan. 166, this Court held :

"Where an action is brought to recover damages for the removal of a house from real estate upon which the plaintiff claims a mortgage, and the defendants answer by a general denial, and also set up a counter-claim, alleging that they have been prevented from making a loan by reason of the bringing of such action, and have been thereby damaged, and the plaintiff fails to reply or appear when the case is set for trial, it is error for the trial court to render judgment in favor of the defendants and against the plaintiff upon such answer, for the reason it does not state facts sufficient to constitute a counter-claim or cause of action for affirmative relief."

In the opinion, page 167, it is said :

"It is argued that the answer did not state facts sufficient to constitute a counter-claim or a cause of

action for affirmative relief. It is urged that the liability alleged in the counter-claim shows upon the face of the answer that it did not exist at the time the action was brought, but if there were any liability, it arose subsequently, and as a consequence of the action; that the defendant's claim for damages did not arise out of the transaction set forth in the petition, and had no connection with it, as required by section 95 of the Code.''

The contention thus stated was held to be well founded.

·In the case under consideration, the defendant's right of cross-action had no existence until the bringing of the suit against him. The right to maintain the same arose only as a consequence of the institution of the plaintiff's suit. It did not, therefore, in the language of the Code, '' arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim.''

The defendant's counsel endeavors to shift the ground of contention, by claiming that his pleading is in the nature of an off-set of damages growing out of the conspiracy between the plaintiff and Rice. Admit the conspiracy as alleged, yet such conspiracy could become effectual only through the bringing of the suit. As long as such conspiracy existed in intent only, it could not be harmful. It was the act of bringing the suit, not the conspiracy to bring it, which was harmful. Until the intent culminated in the act, no legal wrong was done. The case of *Green v. Dunn*, 5 Kan. 254, is cited by defendant's counsel as supporting his right to counter-claim damages for the bringing of the suit. It does not do so, however. In that case the plaintiff filed an amended petition setting up a cause of action which accrued subsequently to the filing of the original petition. The de-

fendant raised no objection in the court below to a consideration of the matters set forth in the amended petition, but took issue thereon.   It was held that by so doing he had waived his rights, and could not be heard in the Supreme Court, for the first time, to object that the cause of action set up in the amended petition was prematurely brought.   In this case, the plaintiff objected to the reception of any evidence under the answer in counter-claim, "on the ground and for the reason that the same does not state facts sufficient to constitute a cause of action in favor of the defendant, and against the plaintiff."   This was amply sufficient to raise the question.

Certain other objections, to specific portions of evidence, were made by plaintiff and overruled; but the questions raised are appendant to the one above discussed, and therefore need not be noticed, further than to say that they should have been decided as the principal one has herein been determined.

It was also objected that no evidence of a lack of *bona fides* upon the part of the plaintiff in acquiring the notes in suit had been shown; and, upon the part of the defendant, it is urged that the evidence shows that the notes, if really negotiated to the bank by Mr. Rice, had been transferred as collateral security for an obligation held by it against him, but which he had discharged before the institution of this suit.   It is not necessary, however, to examine the evidence to determine either of these contentions.   Their determination would in nowise assist in the new trial, which, for the error pointed out, must be had.

All the Justices concurring.