14830

VISANSKA v. ROTUREAU *ET AL.*

(1 S. E. (2d), 493)

*Mr. R. Y. Kibler,* for appellant,

*Mr. Charles I. Dial,* for respondent,

March 2, 1939.

*Per curiam.*

This is an action, commenced on August 27, 1938, on a bond given by the defendant, J. B. Rotureau, and for the foreclosure of a mortgage of real estate securing same. The bond was for $3,500.00, with interest at seven per cent. per annum, and was dated March 4, 1927, and payable March 4, 1930. It was alleged that no part of the principal sum had been paid, and that the condition of the bond had long since been broken.

The defendant Rotureau, answering the complaint, denied that the plaintiff was the owner and holder of the mortgage in question, or that the defendant owed the amount of the indebtedness claimed. He also alleged, "by way of Defense and Counterclaim," the following: "That this defendant did borrow the sum of Thirty Five Hundred ($3,500.00) Dollars, giving as security a mortgage on his home in the City of Columbia, S. C., from Morton Visanska, as alleged in paragraph 2, of the said complaint, and faithfully carried said loan on paying 7% per cent interest per annum as said mortgage contract provided until the latter part of the year of 1935, when this defendant undertook to get said loan refinanced with the Home Owners Loan Corporation, and did get said loan on his home approved for the sum of said indebtedness at the rate of 5% interest per annum, but that the plaintiff herein, Asher S. Visanska, agent of the mortgagee or his estate, did then coax and persuade this defendant to keep the Visanska loan and continue to carry it on at the rate of 7% interest per annum; that the mortgagee's estate did not need the money and that it was agreeable and desirable to keep the fund invested at the rate of seven per cent interest; and it was thereby agreed and

understood that this defendant could retain the said loan safely with a sufficient period of time that he could take care of his home as the Home Owners Loan Corporation plans provided. That this defendant did then in accordance and in good faith with said understanding and agreement keep the said loan and did carry out his said agreement in paying the said interest at 7% per annum, until on or about August 22, 1938, the said plaintiff, Asher Visanska, agent of the said mortgagee's estate, did willfully, wrongfully and fraudulently breach his said agreement and contract with this defendant by suddenly and arbitrarily proceeding to foreclose the said mortgage on this defendant's home without warrant or legal right and without giving notice to or making demand on this defendant for settlement or giving him any chance or opportunity to refinance the loan, thereby causing a large amount of costs and attorney's fee to be heaped and piled on the said indebtedness, which was schemingly and wickedly calculated to cause this defendant to lose his Six Thousand Dollar home in order that plaintiff could buy it in at a forced sale sacrifice and profit by his wrongful and wicked acts, all to this defendant's damage in the sum of Ten Thousand Dollars."

The plaintiff demurred upon the grounds that the "Defense and Counterclaim does not state facts sufficient to constitute a cause of action," in the following particulars: (1) "That the cause of action therein intended to be set up alleges no facts upon which a cause of action could be based but only alleges conclusions on the part of J. B. Rotureau;" and (2) "that the cause of action therein intended to be alleged did not exist at the commencement of the action and therefore is not properly pleadable in counterclaim." The plaintiff also moved upon the same grounds to strike the defense and counterclaim from the answer. Judge Sease, who heard the matter, in a short order sustained the demurrer and granted the motion to strike, merely stating that "it appears to my satisfaction that the Defense and

Counterclaim is one that cannot be interposed in this action." The defendant Rotureau appeals and challenges the correctness of the Court's holding.

Section 468 of the Code of 1932 provides that a counterclaim must arise out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"(2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

A reading of the counterclaim satisfies the Court that it states a cause of action in tort, the allegations as to the contract being merely preliminary thereto. See *Spratt Building & Loan Ass'n v. Roper,* 160 S. C., 240, 158 S. E., 495; *Columbia Nat. Bank v. Rizer,* 153 S. C., 43, 150 S. E., 316, 68 A. L. R., 443. We think, however, that the Court properly sustained the second ground of the demurrer, to wit, that the cause of action alleged in the counterclaim was not in existence at the commencement of the action. Subdivision 2 of Section 468 of the Code. While there is authority to the contrary, it is generally held that "damages incident to the institution of the action do not constitute a cause of action existing at the commencement of plaintiff's action within the meaning of the statutes and cannot therefore be counterclaimed." 57 C. J., 392; *Newkirk v. Neild,* 19 Ind., 194, 81 Am. Dec., 383; *Youngerman v. Long,* 95 Iowa, 185, 63 N. W., 674; *First Nat. Bank of Arkansas City v. Hasie,* 57 Kan., 754, 48 P., 22; *Moore v. Trimmer,* 52 Hun, 612, 6 N. Y. S., 430; *Forke v. Homann,* 14 Tex. Civ. App., 670, 39 S. W., 210; *Noonan v. Orton,* 30 Wis., 356.

The order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.