

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 21, 1977

Honorable Carol S. Vance
District Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-1058

Re:  Whether a list of "known
shoplifters" can be circulated.

Dear Mr. Vance:

You have requested our opinion regarding the circulation
of a list of "known shoplifters" by a retail merchants asso-
ciation.

Prior to 1974, the Texas Penal Code prohibited the cir-
culation of "any malicious statement affecting the reputation
of another" which conveyed the idea that the accused was guilty
of a penal offense or was "notoriously of bad or infamous charac-
ter."  Former Penal Code arts. 1269; 1275(4).  The criminal
libel laws were omitted, however, from the present Penal Code.
Thus, no portion of the Penal Code would appear to prohibit a
retail merchants association from circulating a list of per-
sons suspected of shoplifting.  Neither are the blacklisting
or anti-discrimination statutes, articles 5196-5207b, V.T.C.S.,
applicable to such a situation, since they apply only to em-
ployees or former employees.

On the other hand, to accuse falsely any person of criminal
conduct might be viewed by a court as libelous per se under the
Texas libel statute, article 5430, V.T.C.S., so as to give rise
to a civil action for damages.  Belo v. Fuller, 19 S.W. 616,
617 (Tex. 1892); Hornby v. Hunter, 385 S.W.2d 473, 475-76 (Tex.
Civ. App. -- Corpus Christi 1964, no writ).  See Annot., 29
A.L.R.3d 961 (1970); Paul v. Davis, 424 U.S. 693, 697 (1976)
(injury to one's reputation by state officials does not violate
the Fourteenth Amendment but would appear to give rise to a
state claim for defamation).  Accordingly, it is our opinion
that, although circulation of a list of "known shoplifters" by
a retail merchant association would violate no provision of
state penal law, it might give rise to a civil action for
defamation if it can be shown that the characterization was
false.

## S U M M A R Y

Although the circulation of a list of "known shoplifters" by a retail merchants association would appear to violate no provision of Texas penal law, it might give rise to a civil action for damages on the basis of either libel or invasion of privacy if it can be shown that the characterization was false.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst