Kenneth Eugene McDONALD, Appellant,

v.

GLITSCH, INC., et al., Appellees.

No. 5358.

Court of Civil Appeals of Texas, Eastland.

Nov. 1, 1979.

Rehearing Denied Nov. 15, 1979.

Bob Shoemaker, J. Thomas Melton, Dallas, for appellant.

Robert H. Bezucha and Joe Hill Jones, Carter, Jones, Magee, Rudberg, Moss & Mayes, Thomas L. Cantrell, Schley & Cantrell, Dallas, for appellees.

McCLOUD, Chief Justice.

This is a summary judgment case. Plaintiff, Kenneth Eugene McDonald, sued Glitsch, Inc. and three of its executives, L. E. Azzato, Chairman of the Board; Robert C. McKelvy, President; and Layton Kitterman, Vice President, for libel under Tex. Rev.Civ.Stat.Ann. art. 5430, and for defamation by libel and slander under common law. Plaintiff alleged that the defendants published false information about him which defamed his personal character and professional reputation. The trial court granted defendants' motion for summary judgment. Plaintiff appeals. We reverse and remand.

Glitsch is in the business of designing equipment for refineries and chemical plants. Glitsch executives had been receiving information from sources indicating that some Glitsch information was being leaked to a competitor. McKelvy received information that indicated that plaintiff was the leak. Plaintiff was called into the office of Azzato. Kitterman and McKelvy were also present. Azzato told plaintiff that, "We have been advised by someone that there was a charge against him, (plaintiff) that he (plaintiff) was passing company information on to our competition." Plaintiff denied the charge and Azzato asked plaintiff to take a "lie detector" test. A second meeting was held between the same parties at which time plaintiff signed a "disciplinary notice" which provided in part, "We have received information from an outside source which states that you are the source of leakage of company information." Plaintiff alleged that defendants published and disseminated this information to many persons in and outside the company. Plaintiff refused to take the lie detector test. Glitsch terminated plaintiff as an employee. There is evidence that the original charge against plaintiff was uttered by an employee of a competing company. There was evidence that "rumors" circulated throughout the company that plaintiff was discharged because he passed company information to a competitor.

Plaintiff contends the court erred in granting the summary judgment because the summary judgment proof failed to establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. We agree.

Defendants first argue the summary judgment was proper because truth is a defense to libel or slander, and they "had received information stating that McDonald was leaking Glitsch information." When

confronted with a similar argument, the court in *Dement v. Houston Printing Co.*, 14 Tex.Civ.App. 391, 37 S.W. 985 (Tex.Civ.App. —1896, no writ) stated:

One who publishes a defamatory statement made by another cannot justify by proving that the other made the statement. By publishing it, he becomes responsible for his own act in doing so, and, if he seeks to justify, he must prove the truth of the charge published. Townsh. Sland. & L. §§ 210–212; Odgers, Sland. & L. pp. 161, 164, 172; Cooley, Torts, p. 220. "The truth, however, which is admitted as a defense is the truth of the defamatory matter, in substance and in fact, and in the sense in which it was used and was intended to be understood. If A. says of X. that he is a thief, and C. publishes that A. said X. was a thief, in a certain sense C. would publish the truth, but not in the sense which would constitute a defense. C.'s publication would in fact be but a repetition of A.'s words, which as we have seen, would not be a defense. The truth which, in such a case, would amount to a defense, would be that X. was a thief."

See also *Houston Chronicle Publishing Co. v. Wegner*, 182 S.W. 45 (Tex.Civ.App.—Galveston 1915, writ ref'd) wherein the court says:

Every repetition of a slander is a willful publication of it, rendering the speaker liable to an action. Talebearers are as bad as talemakers.

Defendants next argue their summary judgment proof established as a matter of law that they had a conditional privilege, and in order for plaintiff to defeat the summary judgment he had the burden of presenting summary judgment proof of malice or want of good faith. We disagree.

Our Supreme Court in *Jackson v. Cheatwood*, 445 S.W.2d 513 (Tex.1969) said:

The trial court granted defendant's motion for summary judgment in this libel action, the proof establishing a qualified privilege of the defendant but standing silent as to the presence or absence of actual malice. On trial of the cause, it would be the burden of plaintiff to prove his allegation of actual malice. The Court of Civil Appeals has reversed the judgment and remanded the cause for trial, on the grounds that the defendant as movant had to negative the plaintiff's cause of action. 442 S.W.2d 789. Since the defendant, though enjoying a conditional privilege, would be liable if actuated by malice, it must fall to him to establish the absence of malice on his motion for summary judgment.

See also *Zarate v. Cortinas*, 553 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Bridges v. Farmer*, 483 S.W.2d 939 (Tex.Civ.App.—Waco 1972, no writ).

Defendants also urge that plaintiff cannot rely upon malice because plaintiff did not plead that defendants acted with malice in his first amended original petition. Plaintiff's written "Response" to defendants' motion for summary judgment clearly and fairly raised the issue of malice. *City of Houston v. Clear Creek Basin Authority*, Tex., 589 S.W.2d 671 (1979).

The summary judgment proof does not establish as a matter of law the defense of truth or the absence of malice. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

The judgment of the trial court is reversed, and the cause is remanded.