Emerick **JACOBS**, Jr. and Joyce Moore, Appellants,

v.

Judd **McILVAIN**, et al., Appellees.

No. B14–87–00590–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 1, 1988.

David W. Showalter, Pamela P. Stines, and Randall D. Wilkins, Houston, for appellants.

Reagan Wm. Simpson, and William W. Ogden, Houston, for appellees.

Before PAUL PRESSLER, DRAUGHN, and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellants work for the city of Houston at the Dalton Street water facility. After a news broadcast reported alleged improprieties at the facility, appellants sued the broadcasters for defamation, invasion of privacy, and intentional infliction of emotional distress. The trial court rendered a take nothing summary judgment. We reverse.

## I. *The broadcast*

The news report at issue is set out below:

The city's public integrity section is investigating the use of city employees for private work in the home of the city water maintenance manager.

The employees of the city water maintenance division say four payroll employees were used, on city time, to care for the elderly father of Emerick Jacobs, the manager of water department maintenance division.

The employees say they were sent by a supervisor each day to the manager's home to care for his father and do other tasks around the house.

On top of this these same employees are putting in for overtime so they could get their city jobs done later on.

Police investigators, who were conducting this investigation, were looking for a gun, but they didn't find the gun at the Dalton Street Water Facility. They found liquor bottles. One city employee says drinking on the job there is not so unusual.

The information about the alleged theft of city time may be turned over to a grand jury. Judd McIlvain. Newscenter 11.

## II. *The motion for summary judgment*

The motion for summary judgment set forth five specific grounds in support:

(1.) The broadcast was privileged as a fair, true, and impartial account of an executive proceeding under section 73.-002 of the Texas Civil Practice & Remedies Code.

(2.) The plaintiffs cannot meet their burden to prove that the broadcast was false.

(3.) The broadcast was truthful in all respects.

(4.) The broadcast was not "of or concerning" Joyce Moore.

(5.) Emerick Jacobs was a public official, and he cannot, as a matter of law, prove that the defendants acted with actual malice.

The trial court did not specify the basis of its ruling. The judgment must be therefore affirmed if any one of the five has merit. By the same token, the judgment cannot be affirmed on any ground not presented in the motion. *Hall v. Harris County Water Control & Imp. Dist. No. 50,* 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ); TEX.R.CIV.P. 166a(c).

### III. *Defamation*

■ Points of error one and two claim that there are fact issues regarding the truth of the statements. We agree. The summary judgment evidence certainly does not show that the underlying charges were true as a matter of law. Appellees stand by their story, maintaining that the essence of the broadcast was that the charges had been made. In other words, journalists should be able to report the very fact of governmental self-scrutiny. And presumably under this umbrella they can publish potentially defamatory statements as a matter of law. We disagree. Merely alleging that an investigation was in progress does not entitle a journalist to publish free-standing allegations which are, as a matter of law, legally immune from examination under the law of libel. We of course, make no ruling with regard to whether the statements made are defamatory. We merely hold that a fact question is presented thereon for the finder of fact. Neither are we saying that this broadcast could not have been worded differently so as to have been entitled to summary judgment protection.

■ Although this argument of "truth" as a complete defense has much to commend it, the law does not generally immunize the propagation of defamatory statements. It is no defense to say, "It is alleged that...." *Belo v. Fuller,* 84 Tex. 450, 19 S.W. 616 (1892); *McDonald v. Glitsch, Inc.,* 589 S.W.2d 554 (Tex.Civ.App. —Eastland 1979, writ ref'd n.r.e.); *Houston Chronicle Publishing Co. v. Wegner,* 182 S.W. 45 (Tex.Civ.App.—Galveston 1915, writ ref'd); *Dement v. Houston Printing Co.,* 14 Tex.Civ.App. 391, 37 S.W. 985

(1896, writ ref'd); PROSSER ON TORTS § 113, at 799 nn. 19–23 (5th ed. 1984). "The common law of libel has long held that one who republishes a defamatory statement 'adopts' it as his own, and is liable in equal measure to the original defamer." *Liberty Lobby, Inc. v. Dow Jones & Co., Inc.,* 838 F.2d 1287, 1289 (D.C.Cir.1988). The summary judgment cannot be upheld on the basis of truth (or appellants' inability to prove falsity). The first two points of error are sustained. Appellees' main defense to the defamation claim is one of privilege, to which we now turn.

### IV. *Privilege*

■ Points of error three and four contest the applicability of privilege. Appellees claim that the broadcast was privileged under Tex.Civ.Prac. & Rem.Code § 73.002. That statute bars certain libel actions which arise out of governmental proceedings. The privilege is not absolute, however, and is lost upon a showing of malice. *Langston v. Eagle Publishing Co.,* 719 S.W.2d 612, 614 (Tex.App.—Waco 1986, writ ref'd n.r.e.). In its present posture this case does not negate malice as a matter of law. Reasonable minds could differ over whether this record admits the possibility of reckless disregard for the truth. Points of error three and four are sustained.

### V. *Other fact issues*

■ Point of error five asserts the existence of fact issues about whether the broadcast was "of or concerning" appellant Joyce Moore. Appellees have not answered this point directly. It was, however, one of the grounds presented in the motion for summary judgment, presumably because her name was not expressly mentioned in the report.

The record reflects the existence of a fact issue on this point. Appellant Joyce Moore presented evidence that several acquaintances understood her to be a subject of the story. It is not necessary that she be identified by name. *Newspapers, Inc. v. Matthews,* 161 Tex. 284, 339 S.W.2d 890 (1960); *Sellards v. Express–News Corp.,*

702 S.W.2d 677, 680 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Point of error five is sustained.

Points of error six and seven assert the existence of fact issues about whether appellant Emerick Jacobs was a public official, and about the presence of actual malice. This court has recently noted that it is no easy feat for a defendant to win a summary judgment based on an absence of actual malice. *Brasher v. Carr & Thiel,* 743 S.W.2d 674, 681 (1987, no writ). Again appellees have not briefed the point directly, but we must decide the question since the motion for summary judgment put it in issue.

Whether someone qualifies as a public official is a question of federal law. *Rosenblatt v. Baer,* 383 U.S. 75, 84, 86 S.Ct. 669, 675, 15 L.Ed.2d 597 (1966). Neither Texas nor federal cases give much guidance on how to perform a public official analysis.[1] *See generally,* Annot., *Libel and Slander: Who Is a Public Official or Otherwise Within the Federal Constitutional Rule Requiring Public Officials to Show Actual Malice,* 19 A.L.R.3d 1361 (1968). Nor are we anxious to rule on the issue without fuller factual development. *See Durham v. Cannan Communications, Inc.,* 645 S.W.2d 845, 850–51 (Tex.App.—Amarillo 1982, writ dism'd w.o.j.); *Poe v. San Antonio Express–News Corp.,* 590 S.W.2d 537, 540 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). The record does not show, as a matter of law, that appellant Jacobs was a public official.

Likewise, appellees have not negated actual malice to the extent required by TEX.R. CIV.P. 166a. The affidavits and deposition excerpts on file allow at least the possibility of reckless disregard for the truth. Points of error six and seven are sustained.

It is unnecessary to address points of error eight through eleven. The twelfth point of error is not properly before us, because appellants failed to present it in their written response to the motion for summary judgment. *City of Houston v.*

*Clear Creek Basin Auth.,* 589 S.W.2d 671 (Tex.1979); TEX.R.CIV.P. 166a. It is therefore overruled.

The judgment is reversed and the cause remanded for trial.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the court, I record my respectful dissent. I would overrule all points of error and affirm the summary judgment.

Although I harbor doubts about our holding that appellant Jacobs was not shown to be a public official, my principal disagreement is with the notion that defamation occurred in the first place. The broadcast said there was an investigation, and there was indeed an investigation. Allegations of governmental wrongdoing are the daily diet of the press. If common sense does not suggest the garden variety nature of this story, then common sense must not read the papers.

The truly unfortunate aspect of reversing this case is that appellants have no hope of prevailing at trial, or even of getting to trial. We ought to end this litigation now rather than prolong it. I would affirm the trial court's judgment.

---

1. Perhaps the most pertinent precedent is *Moorehead v. Millin,* 542 F.Supp. 614 (D.V.I. 1982), where the court gave public official status to the Director of the Division of Utilities and Sanitation of the Virgin Island Department of Public Works.