9217

REPUBLIC STATE BANK v. BAILEY FURNITURE & LUMBER CO.

(86 S. E. 680.)

PLEADING. SET-OFF. ISSUES. BURDEN OF PROOF. RES INTER ALIOS ACTA EVIDENCE. APPEAL AND ERROR.

1. PLEADINGS—SET-OFF—ISSUES.—A set-off growing out of and preceding the transaction of which a sealed note was a resultant part, and before any assignment or transfer of the note before maturity for value, interposed in an action by the assignee upon the note, is not a counterclaim within the meaning of Code Civ. Proc., sec. 200, and a denial by plaintiff is unnecessary to raise an issue thereon.

2. EVIDENCE—SET-OFF—BURDEN OF PROOF.—A set-off is an affirmative defense, and must be proven by defendant pleading it.

3. EVIDENCE—RES INTER ALIOS ACTA.—In an action by the assignee of a sealed note, the declarations of the original payees in an action thereon by them subsequent to the date of the assignment, are incompetent and properly excluded from evidence.

4. APPEAL AND ERROR.—The Supreme Court cannot review on appeal findings of fact in a law case.

FOOTNOTE.—Set-off, recoupment and counterclaim distinguished, see note in 32 A. & E. Ann. Cas. 1914b, 119, 10 L. R. A. 378, 379; set-off against assigned claim of debtor's demand against assignor, see notes in 23 L. R. A. 305 to 331.

Before MOORE, J., Union, September, 1914.    Affirmed.

Action by Republic State Bank, assignee, against Bailey Furniture and Lumber Company.    From judgment for plaintiff, defendant appeals.    The facts are stated in the opinion.

*Messrs. Young & Beatty,* for defendant, cite: *As to counterclaim:* Code Civ. Proc., secs. 199, 200, 203, 161, 219; 5 Stats. 330; 14 S. C. 621; 38 S. C. 138; 6 S. C. 159; 5 S. C. 88, 89; 30 S. C. 112; 68 S. C. 239; 73 S. C. 143; 38 S. C. 210; 4 S. C. 386; 16 S. C. 579; 10 S. C. 98; 6 S. C. 49; 34 S. C. 301; 31 S. C. 604; 85 S. C. 350; 54 S. C. 256; 80 S. C. 114.    *Burden of proof:* 113 Ill. App. 356; 196 Fed. 1; 146 Fed. 953; 1 Enc. Ev. 401 and 402; 23 S. C. 370; 16 S. C. 579.    *Stare decisis:* 29 Ind. 470.

*Mr. J. Frost Walker, Jr.,* for respondent, cites: 46 S. C. 184.

October 20, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action on a sealed note for $328.50, given by defendant to Simpson & Harper, dated December 4, 1912, and payable April 10, 1913.    Paragraph 6 of the answer reads: "Admits that the said note has not been paid, but alleges, that the defendant has always been ready and is now ready to pay the same, whenever its just and due set-offs, credits and counterclaims are allowed and credited thereon.

That defendant has a true and just counterclaim in the sum of $249.69, growing out of and preceding the said transaction of which the said sealed note was a resultant part, and before any alleged assignment, transfer or delivery before maturity for value, namely:

·December 23, 1912, freights advanced, $101.68; December 23, 1912, freights advanced, $95.94; December 23, 1912, credits accrued, $52.07; totaling $249.69, which the defendant demands credited on said sealed instrument as just, true and unpaid."

The plaintiff did not reply to the answer. At the trial, defendant did not ask for judgment by default upon its claims, as upon a counterclaim undenied, but the trial proceeded as if they had been denied, or as if they were merely defenses by way of payment or set-off.

Plaintiff's testimony tended to prove the facts alleged in the complaint, which entitled plaintiff to recover. Defendant introduced testimony tending to prove that it was entitled to the two credits alleged for "freights advanced," under its agreement and course of dealing with the payees of the note; but there was no evidence tending to prove the claim for "credits accrued." An issue of fact was made by the cross-examination of defendant's witness as to the right of defendant to the credits claimed for "freights advanced."

The Court instructed the jury that plaintiff was entitled to recover the full amount of the note with interest and attorney's fees, as therein stipulated for, unless defendant had established its counterclaim or some part thereof for "freights advanced;" that the burden was on defendant to prove its counterclaim, and that it was for the jury to say whether it had done so; that the note was under seal, and, therefore, subject to the defenses or counterclaims set up by defendant, if proved by the greater weight of evidence; and if they were so proved, they should be deducted from the amount found to be due on the note. The jury found for plaintiff the full amount of the note.

Error is imputed to the Court in putting upon defendant the burden of proving its counterclaim, when it stood admitted by the pleadings, not having been denied by a reply to the answer. This position is untenable. While the Court referred to these items of credit claimed by defendant as a

counterclaim in its answer, they did not constitute such a counterclaim as is contemplated by the Code, which, if not denied, stands admitted.   Section 200 of the Code of Procedure says: "The counterclaim mentioned in the last section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action," etc.   A counterclaim, therefore, must be a cause of action existing in favor of a defendant against a plaintiff, and the facts must be such that the defendant could, if he saw fit to do so, maintain a separate and independent action thereon against the plaintiff.   Pomeroy states the test as follows: "Would the facts averred taken by themselves, if admitted, entitle the defendant to a judgment in his favor against the plaintiff?   If not, they do not constitute a counterclaim."   Pom. Rem., sec. 738.   See, also, sec. 752.   Clearly, the answer did not state a cause of action in favor of the defendant against the plaintiff. At most, it stated only a defense in the nature of payments or set-offs against the payees of the note, which was available to the defendant against the plaintiff only as a defense to the note, because it was not negotiable, and, therefore, subject to such defenses as defendant would have had, if the action had been brought by Simpson & Harper, the original payees.   Therefore, no denial of them by plaintiff was necessary, and the burden was upon defendant to prove them.

Defendant alleged in its answer that, on June 25, 1913, an action was brought against it on the note by Simpson & Harper, wherein it was alleged that they were then the owners and holders of the note and entitled to demand and receive payment of the amount due thereon; that defendant answered the complaint in that action, setting up the bankruptcy of Simpson & Harper, etc., and, thereupon, the plaintiffs in that action asked for and obtained an order of voluntary nonsuit.   To sustain this allegation, defendant offered to introduce a copy of the

"case and note" (presumably a copy of the complaint and note) served on defendant in that action. The Court excluded it on the ground that it was *res inter alios acta,* and because the evidence showed that it was subsequent to the assignment of the note to plaintiff, which plaintiff's witness testified was on December 28, 1912. This ruling is assigned as error. Appellant contends that the evidence should have been admitted at least to discredit plaintiff's witness as to the assignment of the note and the date thereof. At most, it amounted to no more than the declaration of Simpson & Harper that, at that time, they were the owners of the note which was clearly incompetent.

The exception assigning error in the verdict of the jury cannot be considered, as this Court has no jurisdiction to review the findings of fact in a law case. Judgment affirmed.