## 17421

Frank BROCK, Jr., Plaintiff-Respondent, v. R. O. MASON and R. L. HOLDEN, d/b/a Mason and Holden, Contractors, and Central Surety and Insurance Corporation, of whom Central Surety and Insurance Corporation is, Defendant-Appellant.

(103 S. E. (2d) 423)

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellant,*

*Messrs. Odom, Bostick & Nolen,* of Spartanburg, *for Respondent,*

May 12, 1958.

TAYLOR, Justice.

This appeal arises out of an action brought in the County Court for Spartanburg County, wherein respondent seeks to recover $933.30 for work alleged to have been performed by him as a subcontractor on the Macedonia School Project in Cherokee County for the defendant, R. O. Mason and R. L. Holen, d/b/a Mason and Holden, contractors, they being the general contractors with appellant, Central Surety and Insurance Corporation, the surety on their performance bond.

Appellant duly served its answer, alleging by way of defense and set off a claim arising out of construction of The

Citizens and Southern National Bank Building in Spartanburg, South Carolina. The answer of defendants, Mason and Holden, is substantially similar to that of appellant. The parties herein occupy relatively the same position in The Citizens and Southern National Bank Project as they did in the Macedonia School Project.

· Respondent served timely notice of motion that the answer be made more definite and certain and demurred to the defense of set off as set up in the answer. After hearing arguments, Judge Pace filed his order refusing the motion to make more definite and certain but sustained the demurrer to the set off.

The Order appealed from must be affirmed as at the time of the commencement of suit no action had accrued to appellant and was nonexistent. The bank was withholding $3,500.00, contending that Mason and Holden had not performed the work in the manner prescribed in the contract with the bank; but it does not necessarily follow that this is the correct amount of damages, if any, for which appellant would be liable on its performance bond issue in the bank project. The Macedonia School Project in Cherokee County was in nowise connected with that of The Citizens and Southern National Bank of Spartanburg Project except that the parties, contractor, subcontractor and surety, were the same. What amount, if any, appellant may ultimately be required to pay thereon has not been determined; therefore, no cause of action had accrued to appellant at the time suit in this case was commenced, and its attempted set off, not being such that it could maintain a separate action therefor, was subject to demurrer, Section 10-703, Code of Laws of South Carolina, 1952; *Young v. Peoples Bank,* 163 S. C. 57, 161 S. E. 324, 1 C. J. S. Actions § 127, p. 1393; *Moon v. Johnson,* 14 S. C. 434; *Greenville County v. City of Greenville,* 84 S. C. 410, 66 S. E. 417; *Republic State Bank v. Bailey Furniture & Lumber Co.,* 102 S. C. 329, 86 S. E. 680; *W. T. Ferguson Lumber Co. v. Elliott,* 171 S. C. 455,

172 S. E. 616; *Visanska v. Rotureau,* 189 S. C. 433, 1 S. E. (2d) 493.

For the foregoing reason, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.