## W. P. KIDD ET AL. v. C. F. REYNOLDS.

Decided January 21, 1899.

**1. Taxation—Constitutional Law—Taxing Dogs.**

The constitutional requirement of equality and uniformity in taxation is not infringed by a municipal ordinance exacting a license tax from the owners of dogs.

**2. Sureties on Official Bond—Liability.**

Sureties on a town marshal's official bond are not liable for a malicious prosecution begun by him, as the making of complaints against persons charged with violating the town ordinances is not the exercise of an official function.

APPEAL from County Court of Grayson. Tried below before Hon. J. H. WOOD.

*Wolf & Hare,* for appellants.

*Leslie & McReynolds,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—The appellee, as plaintiff below, brought this action against appellant Kidd and the sureties on his official bond as town marshal of the town of Bells, Grayson County, claiming damages for false imprisonment and malicious prosecution. The plaintiff recovered judgment, and defendant appealed.

The ordinances of the town of Bells relating to the issues involved are as follows: "Article 1. It shall be required of every person owning or having in charge any dog or bitch within the corporate limits of the

town of Bells to pay to the town marshal or collector of taxes an annual tax of one dollar for every dog or bitch, and put upon the neck of every dog or bitch a metallic or leather collar upon which shall be legibly engraved or marked the number of the license.   Art. 4.   The tax on dogs and bitches shall be due on the first day of April of each year, and any person failing to comply with the requirements of article 1 shall be deemed guilty of a misdemeanor, and upon conviction before the mayor shall be fined in any sum not less than ten dollars."

The defendant made complaint under oath, charging plaintiff with a violation of said ordinance, and lodged the same with the mayor of said town, who issued a warrant, regular on its face, and placed same in the hands of defendant as town marshal.   Defendant executed same by arresting the plaintiff.   Upon a hearing of said complaint the plaintiff was discharged.

On the trial of this case the court charged the jury that said warrant was void, and that the plaintiff was entitled to recover.   The plaintiff alleged in his petition that the ordinance was unconstitutional, and we presume the trial court took that view of it.

Some authorities hold that where an ordinance is unconstitutional an officer will not be protected under a writ issued by virtue thereof, though it be regular on its face.   See 21 Am. Dec., note, p. 181, reviewing cases. But under our view of this case it is unnecessary for us to express an opinion upon that question.

Is the ordinance under consideration unconstitutional? The contention of appellee is, that as the Legislature and courts of this State have recognized dogs as property, the said ordinance is in derogation of the constitutional provision requiring taxes to be equal and uniform, and therefore void.   Conceding dogs to be property, this construction does not necessarily follow.

The tax levied by the ordinance is not an ad valorem tax, but is the exercise of the police power with which the town is invested.   These powers to levy an ad valorem tax, and to prescribe certain regulations for the public good, though coexistent, are distinct.   The exercise of the latter is not restricted by the former.   Rev. Stats., art. 445; Holst v. Roe, 39 Ohio St., 340; Van Horn v. People, 46 Mich., 183; Stayle v. City of Topeka, 36 Kan., 76; Blair v. Forehand, 100 Mass., 136.

In Blair v. Forehand, supra, Gray, J., delivering the opinion, said: "All rights of property are held subject to such reasonable control and regulations of the mode of keeping and use as the Legislature, under the police power vested in them by the Constitution of the Commonwealth, may think necessary for the preventing of injuries to the rights of others and the security of the public health and welfare.   In the exercise of this power the Legislature may not only provide that certain kinds of property (either absolutely, or when held in such a manner, or under such circumstances as to be injurious, dangerous, or obnoxious) may be seized and confiscated upon legal process after notice and hearing; but may also, when necessary to insure the public safety, authorize them to

be summarily destroyed by the municipal authorities without previous notice to the owner—as in the familiar case of pulling down buildings to prevent the spreading of a conflagration, or the impending fall of the buildings themselves, throwing overboard decaying or infected food, or abating other nuisances dangerous to health."

In Van Horn v. People, supra, where the same question arose as in this case, Graves, J., in delivering the opinion says: "The fundamental proposition is that the exaction attempted by the statute is a tax within the meaning article 14 of the Constitution, * * * and not being laid according to any mode of uniformity nor assessed according to the cash value of the property, the imposition is unconstitutional. It is also suggested that dogs are included in the mass of property annually taxed under the general law, and that it is not competent to select one piece of property and subject it to double taxation. It is unnecessary to point out the various inaccuracies of this reasoning. The foundation on which it rests is fallacious. The supposition that the statute is an emanation from the taxing power in the sense in which that power is regarded by article 14 is a mistake. * * * The act is an execution of the police power, and no reason is perceived for denying its validity."

The great weight of authority is that a license tax upon dogs is the exercise of police power and is not in conflict with the provision of the constitutional provision in regard to taxes being equal and uniform, which provision is contained in the majority, if not all, of the State Constitutions.

In addition to the above authorities cited on the constitutionality of the tax we cite the following: Ex Parte Cooper, 3 Texas Civ. App., 489; Cole v. Hall, 103 Ill., 30; Woolf v. Chalker, 31 Conn., 121; Carter v. Dow, 16 Wis., 317; Id., 589; Mitchell v. Williams, 27 Ind., 62; City of Faribault v. Wilson, 34 Minn., 254, 25 N. W. Rep., 449; Dill. on Mun. Corp., par. 141; Cool. on Tax., p. 601.

The opinion in the case of Lynn v. State, 25 Southwestern Reporter, 779, rendered by our Court of Criminal Appeals, is cited by appellee in support of his contention. There the appellant, city marshal, was indicted under the State law for shooting on the streets of Tyler and was convicted. A city ordinance prohibited dogs from running at large without a muzzle, and authorized the marshal to kill any dog so running at large. The marshal killed a dog on the streets by shooting him. The court held that the ordinance was invalid, being in violation of the provisions of the Constitution which prohibits the taking of property without adequate compensation, or being deprived thereof except by due process of law. Without indicating our views as to the soundness of that opinion, we will simply say that it is not necessarily in conflict with the view we here express.

After a careful consideration of the question we have reached the conclusion that the ordinance is not unconstitutional, but valid, its enactment being within the proper exercise of the police power with which the town of Bells was invested. The ordinance being valid and the writ

being issued by the proper authority, and regular on its face, it afforded protection to the appellant, and he is not liable for false imprisonment.

We will now consider the other branch of the case, that of malicious prosecution.

It is conceded that if Kidd acted maliciously and without probable cause in making the complaint which was the basis of the warrant of arrest, he would be liable to plaintiff for the consequences of his act, and the regularity of the warrant would not shield him. But the sureties on his official bond would not be liable, for they are only responsible for wrongs perpetrated by him in the exercise of his official capacity, and the making of the complaint was not the exercise of an official function. The court therefore erred in instructing the jury that if the prosecution was malicious to find against *"all the defendants."* We are also of the opinion that the court erred in instructing the jury that plaintiff was entitled to recover for expenses, loss of time, etc., incident to the sickness of plaintiff's wife, as the evidence fails to show that the sickness was the proximate result of Kidd's conduct, and same was too remote to constitute a basis for the recovery of damages.

For the reasons indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.