STAMPER et al. v. ALICE STATE BANK & TRUST CO. (No. 6000.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 31, 1917. Rehearing Denied Nov. 28, 1917.)

1. APPEAL AND ERROR ⬦781(7)—DISMISSAL—MOOT QUESTIONS.

An appeal from an interlocutory order requiring the board of trustees of an independent school district to convene and open bids to become the depository for the district, and to award the contract to the successful bidder, and enjoining a bank from acting as depository under a contract previously awarded, will be dismissed where the board, in obedience to the order, has opened the bids and awarded the contract to the same bank to which it was previously awarded; as the questions presented are moot questions.

2. APPEAL AND ERROR ⬦781(7)—DISMISSAL—MOOT QUESTIONS.

In such case a dismissal of the appeal rather than a dismissal of the suit would be the proper practice, as, the appeal being from an interlocutory order, a dismissal of the appeal would work no injustice.

Appeal from District Court, Jim Wells County; J. F. Mullally, Judge.

Suit by the Alice State Bank & Trust Company against H. N. Stamper and others. From an interlocutory order in favor of plaintiff, defendants appeal. Appeal dismissed.

R. R. Mullen, of Alice, for appellants. C. C. Ferry and W. R. Perkins, both of Alice, for appellee.

MOURSUND, J. This is an appeal from an interlocutory order requiring H. N. Stamper, Alex Grant, G. C. Azbill, Walter G. Weaver, and ·J. A. Richards, who constitute the board of trustees of the Alice Independent school district to convene and to consider and open bids to become the depository for said district, and to award the contract to the successful bidder, and enjoining the Citizens' State Bank from acting as depository under a contract awarded at a meeting held September 8, 1917.

Appellee has filed a motion to dismiss the appeal on the ground that on September 22, 1917, the school board convened, and in obedience to the order appealed from opened the bids, and awarded the contract to the appellant Citizens' State Bank, requiring of said bank a bond in the sum of $50,000, which bond was duly executed and filed with the board of trustees.

The motion is supported by a copy from the minutes of the meeting of the board, certified to by the secretary, and also by affidavit of one of the attorneys for appellee.

The answer to the motion contains a general denial of the allegations of the motion, but is not sworn to, and we take it for granted that the facts alleged in the motion are true.

[1] As the order of the court has been complied with by the school board, and its action in making a new award of the contract for depository has been acquiesced in and complied with by the Citizens' State Bank, it would be a profitless undertaking to determine whether the order appealed from should have been made by the trial court. We conclude that the questions presented upon appeal are moot questions, in view of what has taken place since the interlocutory order was entered. Electric Park Co. v. S. A. Baseball Ass'n, 155 S. W. 1189; Rogers v. Ivy, 191 S. W. 728.

[2] Appellants contend that, if any relief be granted upon appellee's motion, it should take the form of an order dismissing the case, instead of the appeal. It is true that in some cases our courts have found it proper to dismiss the case when the questions presented upon appeal became moot, but it cannot be held that it is proper to do so in all cases. In suits to determine title to an office it was deemed proper to dismiss the cause when the term of office had expired, so that the judgment appealed from could not be urged as an adjudication of the right to the emoluments of the office, and this is peculiarly just when an appellant has been deprived of his appeal by lapse of time and not by his own act. This is an appeal from an interlocutory order, and to dismiss the appeal will not work any injustice. We believe it to be the proper practice in this case to dismiss the appeal.

Appeal dismissed.