**Joe H. JOHNSON et al., Appellants,**

v.

**STATE BOARD OF MORTICIANS,**
Appellee.

No. 12949.

Court of Civil Appeals of Texas.

Galveston.

March 8, 1956.

William Glover, Houston, for appellants.

Allen Melton, Dallas, for appellee.

GANNON, Justice.

The appellants are Joe H. Johnson and William H. Posey. They were plaintiffs in the trial court. Each is a licensed funeral director. The appellees, who were defendants in the trial court, are the State Board of Morticians, the members of the Board, six in number, who are sued in both their official and personal capacities, as well as George B. Eagle and John T. Cooper, the latter two defendants being field representatives, investigators, agents and employees of the Board.

After notice and hearing, held on May 24, 1955, defendant State Board of Morticians, acting under the provisions of Art. 4582b, § 4, Subsection (b) (4), and on May 25, 1955, suspended the license of each of the appellants, such suspension being made effective from and after June 15, 1955, for a period of six months. Acting under the further provisions of Section 4, Subsection (b) (4) of Art. 4582b, each of the appellants appealed from the order of the State Board of Morticians suspending his license, filing suit in the District Court of Harris County. Each of said appealed suits in the District Court was filed June 14, 1955, one taking No. 453,307, the other No. 453,308. Later and on August 1, 1955, and on motion of appellant William H. Posey, his appeal No. 453,308 was consolidated for trial with the appeal of Joe H. Johnson, No. 453,307. The motion to consolidate alleged that both appeals involved the same and identical issues. This allegation we find to be correct.

Prior to the consolidation order, and on July 21, 1955, the State Board of Morticians, through its designated attorney, Allen Melton, filed a motion to dismiss in each of the cases. These motions were heard in the consolidated cause on August 1, 1955, on the basis of the pleadings and "representations of counsel." The motions each and both, were sustained and in the consolidated cause the petition and appeal of each of the appellants was in all things dismissed.

In addition to the allegations in each of the appealed petitions directed to the claimed invalidity of the suspension order appealed from, there were allegations seeking damages as for malicious prosecution, it being alleged that the Board and each of its members as well as the additional defendants, George B. Eagle and John T. Cooper, field representatives, agents, and employees of the Board, acted maliciously and without probable cause in the proceedings appealed from, and pursuant to a conspiracy entered into by each of the individual defendants, the object and purpose of which was to put the appellants out of business. We quote the allegations made the basis of the claim for damages; they are the same in each petition:

"14.

"That the ruling of said Board with respect to this Appellant was arbitrary and capricious and was as a matter of fact agreed to in advance and prior to said hearing in furtherance of the design and conspiracy to destroy Appellant and his business.

"15.

"Appellant avers that long previous to the Hearing referred to hereinabove, certain members of said Board, whose names are not known to Appellant at this time, but are well known to Appellee and all the Defendants herein, entered into a conspiracy, under which it was designed and agreed to suppress this Appellant and to destroy his business, and used said Appellee Board as a subterfuge, and trumped up the charges out of which this particular hearing was held and that at the time of said Hearing the members of said Board intended to act arbitrarily and capriciously and did in truth and in fact so act in arriving at its decision in this matter and with respect to the guilt of this Appellant and as a result of which this Appellant has and will in the future suffer damages, regardless of the results of this Appeal, in the sum of Thirty Thousand Dollars, all as the result of the aforesaid illegal acts which this Appellant avers were done maliciously and wantonly and with an utter disregard of Appellants rights, and Appellant herein sues and prays that he recover said sum

of money upon trial hereof as his remedy in connection with these proceedings."

■ The suspension orders expired under their own terms with the arrival of December 15, 1955, and all issues in regard to their validity in relation to the trial court's order appealed from, at least, are now moot. For this reason, we do not concern ourselves with any of appellants' points of error complaining of the dismissal of their petitions in so far as these points concern themselves with the sufficiency and regularity of the District Court cases considered solely as appeals from the suspension orders. However, we must rule on those points of error which complain of the dismissal of the petitions in the light of the allegations which it is said set up enforceable claims for damages for malicious prosecution.

It is evident from the petitions of the appellants that in regard to the matters complained of the members of the Board acted in their official quasi-judicial capacities and it is equally evident from the findings of the trial court contained in the dismissal order, evidently made upon the basis of the representations of counsel, that the defendants Eagle and Cooper functioned in relation to the proceedings leading up to the suspension orders in their official capacities as field representatives, agents, and employees of the Board in ferreting out and presenting alleged violations of Art. 4582b and rules of the Board promulgated under the authority thereof.

■ There is considerable doubt in our minds whether under the undisputed facts, an action for malicious prosecution such as presented here would be maintainable against any of the defendants since each and all appear to have acted in quasi-judicial capacities. Under our law, it is clear that one who acts in a purely judicial capacity is insulated against liability for malicious prosecution. See Rains v. Simpson, 1878, 50 Tex. 495. That a judicial officer acted in conspiracy with others not protected by judicial immunity

is apparently immaterial. Morris v. McCall, Tex.Civ.App., 1932, 53 S.W.2d 667, writ dismissed.

We find no Texas authority ruling on the civil liability, for their official acts, of inspectors and investigators of administrative bodies, such as the State Board of Morticians, charged with assisting in the enforcement of the laws which they administer. In Kidd v. Reynolds, 1899, 20 Tex.Civ.App. 355, 50 S.W. 600, where a police officer was sued for malicious prosecution for having sworn out a warrant of arrest, defendant's counsel apparently conceded the officer would be liable if he acted maliciously and without probable cause, however, the court was not called on to rule on the liability of an officer for official acts since the case went off on the proposition that the officer in making the complaint was not in the exercise of an official function. See the cases collated in the annotation titled "Civil liability of law enforcement officers for malicious prosecution," 28 A.L.R.2d 646 et seq., where it is said, "With the growth of administrative governmental activities, many duties formerly completely ministerial in function took on the semblance of judicial character, and quasi-judicial officials whose functions require the exercise of discretion in the administration of their duties were slowly brought under the protection of this cloak of immunity. * * *." The annotation synopsizes two malicious prosecution cases: Springfield v. Carter, 8 Cir., 1949, 175 F.2d 914, and White v. Brinkman, 1937, 23 Cal.App.2d 307, 73 P.2d 254, involving fire and building inspectors. In the Federal case a building inspector and a fire inspector who had caused the plaintiff to be arrested for violating an ordinance requiring a permit to rebuild a fire damaged structure were held not liable. The California case reached a similar result in regard to a chief building inspector on the grounds of judicial immunity, the court holding that the building inspector in attempting to enforce a building ordinance through criminal prosecution exercised a quasi-judicial function. There are cases

contra and the theories each and both of liability and non-liability are supportable upon quite cogent grounds. However, we do not find it necessary to rule on this question as the appeals may be disposed of without regard to the liability vel non of the parties involved for these official acts.

It is well established that there are three elements in a cause of action for malicious prosecution. We quote Suhre v. Kott, Tex.Civ.App.1917, 193 S.W. 417, 418: "The essence of the action for malicious prosecution is causing legal process to regularly issue for the mere purpose of vexation, annoyance, or injury, and three elements are required to establish a case of malicious prosecution: First, that the suit was instituted with malice; second, that it was brought without probable cause; and, third, that the malicious action has terminated in the acquittal or discharge of the person claiming damages." The rule requiring a termination favorable to plaintiff of the proceedings complained of is applicable to the maintenance of an action for malicious prosecution of a civil case. See 28 Tex.Jur. "Malicious Prosecution," Sec. 7, page 454, where it is said, "A fundamental condition to the maintenance of an action for malicious prosecution of a civil suit is that the suit alleged to have been prosecuted should have terminated in the plaintiff's favor." The rule is applied in Forke v. Homann, 1896, 14 Tex.Civ.App. 670, 39 S.W. 210, 212, where it was held that a counter claim for damages based upon alleged malicious prosecution could not be set up in reconvention by a defendant sued for libel on the ground that the libel suit was being prosecuted maliciously "because of the well-settled principle that an action for malicious prosecution will not lie unless the prosecution complained of has ended favorably to the party seeking the relief."

It is evident on this appeal that at the time the dismissal orders were entered the appellants could not, and, therefore, did not, allege a termination of the license suspension proceedings in their favor. Their pleadings, therefore, did not allege a legal cause of action for damages. It is clear their efforts to recover damages for malicious prosecution were premature as of the time the trial court entered the order of dismissal, so neither appellant is in position to complain. There are exceptions to the Rule which requires a plaintiff to show a termination favorable to him of the proceedings complained of in an action for malicious prosecution. Without ruling on the point, it is possible that appellant may now be able to allege a cause of action. We express no views on this other than to rule that the order of dismissal in so far as the common law damage suits of appellants are concerned must be sustained on the ground of premature filing, and in so far as the common law causes of action for damages are concerned that is the effect and the only effect of our order of affirmance.

Because the statutory appeals from the suspension orders have become moot and because the claims for malicious prosecution were prematurely asserted, we have no alternative but to dismiss the appeal in so far as the suits below constituted an appeal from the suspension orders, and to affirm the dismissal of the petitions in their aspect as suits for malicious prosecution as prematurely filed.

Appeal dismissed in so far as it involves statutory appeals to the district court under the provisions of Sections 4, Subsection (4), Art. 4582b, V.A.T.S. Order dismissing common law damage suits affirmed.

CODY, J., not sitting.