Ismael **RODRIQUEZ** and Rosie Rodriquez d/b/a R & B Garage, Appellants,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 912.

Court of Civil Appeals of Texas, Tyler.

Feb. 5, 1976.

Rehearing Denied March 11, 1976.

Marvin B. Zimmerman, Carter, Callender & Gonzalez, San Antonio, for appellants.

John L. Hill, Atty. Gen., Paul R. Gavia, Asst. Atty. Gen., Austin, for appellee.

McKAY, Justice.

Appellants, Ismael and Rosie Rodriquez, seek reversal of a judgment which suspended their certificate of appointment as a certified automobile inspector and the license of the R & B Garage as an official motor vehicle inspection station.

After an administrative hearing, the Department of Public Safety, appellee, ordered the suspension of appellants' above mentioned certificate and license for a period of twelve months, beginning October 22, 1974. The order of suspension was entered pursuant to Article 6701d, Section 141(c), V.A.T.S.[1] On October 24, 1974, appellants appealed from the administrative order by filing in district court as also provided in Article 6701d, Section 141(c). On the same day, the trial court entered a stay order enjoining the execution of the administrative order.

The trial to the court without a jury resulted in the following judgment being rendered on March 12, 1975:

"And the Court . . . is of the opinion and finds that . . . said administrative orders should be, and the same are, hereby affirmed to become effective immediately from and after the entry of this judgment, *the term of said suspensions to be modified so as to expire on January 1, 1976.*" (Emphasis added.)

The judgment also dissolved the stay order previously entered October 24, 1974.

By the express terms of the judgment, the period of suspension expired January 1, 1976. In our opinion, the questions present-

1. "The Department may for cause, upon notice of an administrative hearing, cancel or suspend the certificate of any inspection station or cancel or suspend the certificate of any person to inspect vehicles and the decision of the Department in respect to the cancellation or suspension of the station license or the cancellation or suspension of the certificate of any person to inspect vehicles, or the refusal to reissue a license to any official inspection station or the refusal to reissue the certificate for any person to inspect vehicles shall be subject to review as provided herein. Any aggrieved party may appeal from the decision of said administrative hearing. The proceedings on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court, and which appeal shall be taken in any district court of the county in which the inspection station is located. At such trial the burden of proof shall always be on the Department and never shifts to the aggrieved party."

ed for decision are now moot. Appellants seek no relief other than reversal of the order of suspension. The general rule appears to be that where an order expires by its own terms pending appeal all issues relating to the validity of the order become moot. *Speed v. Keys,* 130 Tex. 276, 109 S.W.2d 967 (1937); *Texas Liquor Control Board v. Warfield,* 123 S.W.2d 979 (Tex.Civ. App.—Waco, 1939, no writ); *State Board of Ins. Com'rs of Texas v. Fulton,* 229 S.W.2d 652 (Tex.Civ.App.—Waco, 1950), writ ref'd, n. r. e. per curiam, 234 S.W.2d 389 (Tex. 1950); *Johnson v. State Board of Morticians,* 288 S.W.2d 214 (Tex.Civ.App.—Galveston, 1956, no writ); *Texas Alcoholic Beverage Commission v. Carlin,* 468 S.W.2d 521 (Tex.Civ.App.—Beaumont, 1971), aff'd on other grounds, 477 S.W.2d 271 (Tex.1972); *Christie v. Argonaut Insurance Companies,* 530 S.W.2d 334 (Tex.Civ.App.—Austin, 1975, no writ).

In *State Board of Ins. Com'rs of Texas v. Fulton,* supra, the Supreme Court stated without explanation that, "The application for writ of error is Refused No Reversible Error, but without thereby affirming the holding that the cause was moot." Moreover, in *Texas Alcoholic Beverage Commission v. Carlin,* supra, the Supreme Court questioned the soundness of the conclusion of the Court of Civil Appeals that the cause was moot, but then affirmed because the cause had become moot for other reasons. We do not consider these expressions by the Supreme Court as a disapproval of the general rule, however. As pointed out in *Danciger Oil & Refining Co. of Texas v. Railroad Commission of Texas,* 122 Tex. 243, 56 S.W.2d 1075 (1933) courts have sometimes entertained attacks on orders that have expired by their own terms because the person against whom such order was made might suffer some subsequent detriment if the legality of the order were not determined. No such case is presented here, however. Article 6701d is silent as to any subsequent effect that a previous order of suspension might have after such an order has expired. Therefore, in our opinion this case should be governed by the general rule.

It should also be noted that appellants filed a supersedeas bond for the purpose of suspending execution of the trial court's judgment. Although the filing of the supersedeas bond may have had the effect of suspending enforcement of the trial court's order, the supersedeas bond could not prevent this controversy from becoming moot. The trial court's judgment did not suspend appellants' licenses for a certain period of days, weeks, months, or years. Instead, the judgment simply stated that the term of suspension would expire on January 1, 1976, a date since passed. By its terms, the order of suspension could not have any force or effect beyond January 1, 1976. Any decision on the merits at this time would be advisory and ineffectual.

Accordingly, the cause is dismissed as moot.