**HOUSTON INDEPENDENT SCHOOL DISTRICT, et al., Appellants,**

v.

**HOUSTON TEACHERS ASSOCIATION, et al., Appellees.**

**No. B2665.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 27, 1981.

Robert B. Watts, Bracewell & Patterson, Kelly Frels, Bracewell & Patterson, Houston, for appellants.

Robert E. Hall, Bob Hall & Associates, Houston, for appellees.

Before MILLER, JUNELL and MURPHY, JJ.

MILLER, Justice:

This is an appeal from a temporary injunction granted by the trial court which required the appellants to hold a hearing on a grievance brought forth by the appellees. The individual appellees are some 122 employees of the Houston Independent School District who work with emotionally and physically handicapped students. The Houston Teachers Association ("HTA") is a professional association engaged in representing teachers and other professional employees who work for the Houston Independent School District ("HISD").

On July 24, 1980, the HISD Board of Trustees adopted an amendment to Board Policy section 551.101. The amendment stated:

> Pay Grade 7 and 8 personnel assigned to central and area office locations or other non-campus locations shall work eight (8) hours exclusive of the lunch period each scheduled duty day. All Pay Grade 10 and above personnel shall work eight (8) hours exclusive of the lunch period each scheduled duty day.

The stated rationale of the amendment was as follows: "The intent of this addition to the policy section is to make perfectly clear that all non-teaching professional personnel are expected to work eight (8) hours per day each scheduled duty day."

On September 9, 1980, the HTA demanded a formal grievance hearing before HISD's Board of Trustees. The grievance alleged the Board had adopted a policy which added an hour each day to the work schedule of the grievants without additional compensation. The Board President, on September 15, denied the request for a hearing.

In October, a Board member placed the issue on a Board agenda to be heard October 23, but withdrew the item for consideration when the General Superintendent of the HISD announced that it was the intention of the HISD administration to place the matter back in consultation with the HTA for further clarification and study.

On November 9, the appellees filed suit seeking a mandatory temporary injunction to require the Board of Education of the HISD to hold a hearing concerning the grievance. The trial court entered a mandatory temporary injunction on November 25, ordering the HISD board to hold a hearing on December 11. The hearing was held and HISD now appeals, alleging two points of error. HTA brings forth one crosspoint, arguing the appeal is moot because the appellants have already complied with the temporary injunction by holding the hearing. We will discuss appellees' crosspoint first.

It is a general rule that appellate courts do not decide cases where no actual controversy exists between the parties or where a party seeks judgment upon some matter which, when rendered, cannot have any practical legal effect upon the case, as such cases are moot. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939); *Kolsti v. Guest*, 576 S.W.2d 892, 893 (Tex.Civ.App.—Tyler 1979, no writ).

Discussing mootness, the Supreme Court of the United States, in *Brownlow v. Schwartz*, 261 U.S. 216, 217–18, 43 S.Ct. 263, 264, 67 L.Ed. 620 (1923) stated:

> This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject-mat-

ter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain.

The same logic compelled the court in *Stamper v. Alice State Bank & Trust Co.,* 198 S.W. 604 (Tex.Civ.App.—San Antonio 1917, writ ref'd), to dismiss the appeal before it. In *Stamper* the Board of Trustees of the Alice Independent School District was ordered by the trial court to convene and consider and open bids to become the depository of the district's funds. The School District appealed the order. The court upon motion dismissed the appeal on grounds that the matter before it was moot because the meeting of the Board had already taken place. The court reasoned:

As the order of the court has been complied with by the school board, ... it would be a profitless undertaking to determine whether the order appealed from should have been made by the trial court. We conclude that the questions presented upon appeal are moot questions, in view of what has taken place since the interlocutory order was entered.

*Id.*

Our facts are virtually identical to those in *Stamper.* The HISD Board of Trustees was ordered to hold a hearing and the hearing has already taken place. Any decision we would render in this case would serve no purpose. Even were we to disagree with the lower court we cannot take back the hearing that was held. Likewise, for us to affirm the trial court's action would be to order a hearing that has already taken place. We decline to take either action. Appellants had an opportunity, after the trial court's order, to seek from the trial judge a stay of his order pending appeal, or to seek from this court an order to protect our jurisdiction and to preserve the subject matter of the appeal. *Collier v. Central National Bank,* 564 S.W.2d 828

(Tex.Civ.App.—Austin 1978, no writ). The appellants did neither, and in our view the basis of the appeal was lost.

Since the question presented here is moot, and there remains nothing for this court to decide, the case will be dismissed.