**ELLINGTON INDUSTRIAL PARK 25A, Appellant,**

v.

**Victor DENENBURG, Appellee.**

**No. A3030.**

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1982.

Don Kennedy, Ladín & Engel, Houston, for appellant.

Philip P. Sudan, Jr., Martha Bell Lawley, Ryan & Shoss, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

Ellington Industrial Park 25, a partnership, appeals from a temporary injunction in favor of Victor Denenburg which enjoined a scheduled December 1, 1981, deed of trust foreclosure sale. We hold the appeal is moot because the order appealed from has expired by its own terms. We dismiss the appeal.

Victor Denenburg filed this suit to enjoin a deed of trust foreclosure sale posted for December 1, 1981. The foreclosure sale was posted on behalf of the deed of trust beneficiary, Ellington Industrial Park 25. Only injunctive relief was sought by Denenburg. Ellington had posted the land for foreclosure because it claimed Denenburg had defaulted in payment of the first annual installment provided in a note dated August 8, 1980, which was signed when the sale of the land in question was closed. That note mistakenly provided for payment of $39,-240.00 principal plus accrued interest, but left the due date blank. Denenburg contended that he was obligated to make a first annual installment of interest only (approximately $14,000.00) as provided in the earnest money contract signed by the parties February 22, 1980. Denenburg discovered this discrepancy between the note and the earnest money contract in the latter part of August, 1981. He discussed the matter with the partners of Ellington but was unable to resolve with them the correct payment amount that would be accepted. He was afraid to make the interest only payment for fear Ellington would keep the money and still attempt to foreclose for failure to pay the principal. He contends the earnest money contract was the correct agreement of the parties, and that under article VIII of the contract, the agreements of the parties survived the closing and were not merged.

At the temporary injunction hearing on the morning of December 1, 1981, Ellington's counsel conceded in open court that the correct amount due for the first annual installment was for interest only of $14,-000.00. Appellant also confirms in its brief and on oral argument that interest only of $14,000.00 was the correct payment amount.

However, before the temporary injunction hearing, Ellington wrote a letter dated November 4, 1981, which stated Denenburg was in default for failure to pay principal of $39,240.00, and that based on this default, Ellington had accelerated the entire note of $156,816.00. The demand and acceleration letter also stated that Ellington would foreclose under the deed of trust unless the note was paid in full. Ellington then posted the land for foreclosure on December 1, 1981, and Denenburg filed this suit to enjoin that sale. As stated above, on direct inquiry from the court at the temporary injunction hearing on the morning of December 1, 1981, counsel for Ellington Industrial Park 25 conceded the correct amount due on the first annual installment was interest only of $14,000.00 and not principal of $39,240.00. The court granted a temporary injunction and enjoined only the December 1, 1981, scheduled foreclosure. The court granted no other injunctive relief beyond that date. The temporary injunction order also provided that Ellington could foreclose on the first Tuesday in January if Denenburg failed to pay the interest payment before that time.

On appeal, Ellington, in a single point of error, contends the court erred in granting the temporary injunction because the evidence showed conclusively as a matter of law that Denenburg had no probable right of recovery. The basis of this contention by Ellington is that since the interest only payment was due on August 8, 1981, Denenburg had not yet discovered at that time the mistake in the note provision which required a principal payment of $39,240.00. Ellington argues, therefore, that Denenburg's failure to make the interest only payment on August 8, 1981, was not due to his being misled by the conflict in the note and escrow contract provisions and Ellington's later demand letter. The threatened foreclosure, however, was not based on the nonpayment of a $14,000.00 interest only payment on August 8, 1981; rather, it was based on an erroneous acceleration of the note made in the November 4, 1981, letter. The basis of that erroneous demand and acceleration letter was nonpayment of a principal payment of $39,240.00.

Without reaching the merits of Ellington's claim, however, we hold that the appeal is moot. The temporary injunction by its own terms did not extend beyond the December 1, 1981, foreclosure sale date. The only relief sought by Ellington on appeal is for reversal of the trial court's order and dissolution of the December 1, 1981, foreclosure injunction. An appeal under such circumstances is moot. *Rodriquez v. Tex. Dept. of Public Safety,* 533 S.W.2d 849 (Tex.Civ.App.—Tyler 1976, no writ); *Christie v. Argonaut Ins. Companies,* 530 S.W.2d 334 (Tex.Civ.App.—Austin 1975, no writ).

It is settled that appellate courts do not decide cases where no actual controversy exists between the parties or where a party seeks judgment upon some matter which, when rendered, cannot have any practical legal effect on the case. In these instances, the cases are moot. *City of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939); *Houston Independent School District v. Houston Teachers Association,* 617 S.W.2d 765 (Tex.Civ.App.—Houston [14th Dist] 1981, no writ).

The appeal is dismissed because it is moot.