**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Chester Ray STACY, Appellee.**

**No. 04–96–00619–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 30, 1996.

Andres Cedillos, Assistant Director of Hearings, John C. West, Jr., Chief of Legal Services, Texas Department of Public Safety, Legal Services, San Antonio, James W. Smith, Jr., Frio County Attorney, Pearsall, for appellant.

John W. Bull, Pearsall, for appellee.

Before LOPEZ, STONE and HARDBERGER, JJ.

## OPINION ON INTERLOCUTORY ORDERS

STONE, Justice.

The appellant, Texas Department of Public Safety (the Department), appeals the trial court's decision reversing the driver's license suspension of the appellee, Chester Ray Stacy. Stacy seeks dismissal of this appeal as moot because his license was suspended despite the trial court's ruling. We deny Stacy's motion to dismiss.

### Background

Stacy was arrested for driving while intoxicated. Because his breath alcohol level exceeded the statutory limit, an administrative law judge suspended his driver's license on February 27, 1996, for a period of sixty days. *See* TEX.TRANSP.CODE ANN. § 524.035(b) (Vernon 1996).

The suspension order was effective immediately, but was automatically stayed five days later, on March 4, 1996, when Stacy appealed to the county court. *Id.* §§ 524.035(e), 524.042(a). However, the Department issued an "order of suspension" on March 28, 1996, for the period of March 9, 1996 to May 8, 1996. According to Stacy, this suspension order was rescinded sometime between April 10 and April 22, 1996.

On April 22, 1996, the county court reversed the decision of the administrative judge. However, the Department issued a second order of suspension on June 21, 1996, for the period of June 7, 1996 to August 8, 1996. According to the Department, this order was rescinded.

### Discussion

■ Stacy maintains that his driver's license was suspended for more than sixty days under the Department's suspension orders of March 28, 1996 and June 21, 1996. Accordingly, Stacy argues, this appeal is moot. We disagree.

■ The suspension order of the administrative law judge was stayed pursuant to

statute when Stacy filed his appeal in the county court on March 4, 1996. TEX.TRANSP. CODE ANN. § 524. 042(a) (Vernon 1996) (permitting stay when driver has not had "enforcement contact" within five years or alcohol-related convictions within ten years). Any administrative order issued after that date was void.[1] *See Sanchez v. Hester,* 911 S.W.2d 173, 175 (Tex.App.—Corpus Christi 1995, no writ) (order issued during bankruptcy stay was void). Similarly, any administrative order issued after the trial court reversed the suspension was also void. *See Starnes v. Holloway,* 779 S.W.2d 86, 95 (Tex. App.—Dallas 1989, writ denied) (no rights can be asserted under a reversed judgment).

Because the Department's orders were void, Stacy has not served his entire sixty-day suspension. Thus, this appeal is far from moot. *See Rodriquez v. Texas Dept. of Public Safety,* 533 S.W.2d 849, 851 (Tex.Civ. App.—Tyler 1976, no writ) (mootness generally triggered by expired order). Even if Stacy had served the full suspension, this appeal would not be moot because the Department has an interest in the actual suspension and its future "enhancement" effect under section 524.022 of the Transportation Code. *See id.* at 851 (mootness not triggered by expired order's subsequent effect).

### Conclusion

While the mootness issue was pending, Stacy filed a motion to extend time to file his brief. The motion is granted to December 16, 1996, but counsel is reminded that a heavy workload does not constitute good cause for failure to timely file a brief. 4TH TEX.APP. (SAN ANTONIO) LOC.R. 3(C)(1). We also grant the Department's motions for extension of time to file its brief.[2]

We deny Stacy's motion to dismiss this appeal as moot.

---

1. The stay's ninety-day limitation is not an issue in this appeal. *See* TEX.TRANSP.CODE ANN. § 524.042(b) (Vernon 1996).

2. By an unpublished order of September 20, 1996, we held in abeyance the Department's mo-

tion to extend time to file its brief. Nonetheless, the Department filed a second motion for extension of time; and, on September 27, 1996, filed its brief. The second motion was unnecessary but will be granted.