**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01029-CR

## IN RE SAMUEL ROY JACKSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 913043**

---

## DISSENTING OPINION

Relator Samuel Roy Jackson has filed a petition for writ of mandamus in which he asks this court to order the Honorable Vanessa Velasquez, presiding judge of the 183rd District Court of Harris County, to conduct a hearing on various pre-trial motions relator filed before his October 2004 trial. These pre-trial

motions are two applications for a pre-trial writ of habeas corpus, a motion to set aside the indictment, a motion for a written ruling, and a motion for discovery. On October 28, 2004, relator was convicted of aggravated robbery. That conviction was affirmed on appeal in 2005, and has been final for over seven years. Thus, the trial court in which relator was convicted has lost plenary jurisdiction over the case. *See State v. Holloway*, 360 S.W.3d 480, 484–86 (Tex. Crim. App. 2012). Nonetheless, the trial court may re-acquire "limited" jurisdiction to ensure that a higher court's mandate is carried out or to perform specific functions as authorized by statute, for example functions prescribed by the statute governing post-conviction habeas corpus relief or by the statute providing for forensic DNA testing.[1] *See* Tex. Code Crim. Proc. arts. 11.07, 64.01 (West 2012); *Holloway*, 360 S.W.3d at 485–88.

Relator's pre-trial motions do not relate to enforcement of a higher court's mandate. These motions do not relate to the trial court's functions in an application for post-conviction habeas corpus relief, a motion for forensic DNA testing, or to any other statute prescribing a post-conviction function for the convicting court. *See* Tex. Code Crim. Proc. arts. 11.07, 64.01. The respondent does not have jurisdiction to hear or rule on relator's pretrial motions. *See Holloway*, 360 S.W.3d at 484–90.

---

[1] One of the functions relating to an application for post-conviction habeas corpus relief or a motion for forensic DNA testing may be allowing a convicted person access to the record of the trial that might be used in the preparation of such an application or motion. *See Padieu v. Court of Appeals of Texas, Fifth Dist.*, —S.W.3d—,—, No. AP-76,727, 2013 WL 85372, at *1–2 (Tex. Crim. App. Jan. 9, 2013).

It is axiomatic that an appeal or original proceeding is moot when the appellate court's ruling cannot have any practical legal effect upon a controversy. *See Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990); *Ex parte Clay*, 479 S.W.2d 677, 677 (Tex. Crim. App. 1972); *In re HEB Grocery Co., L.P.*, No. 14-10-00270-CV, 2010 WL 1790881, at *1 (Tex. App.—Houston [14th Dist.] May 6, 2010, orig. proceeding [mand. denied]) (mem. op., per curiam); *In re Guerra*, No. 13-08-00745-CV, 2009 WL 91743, at *1 (Tex. App.—Corpus Christi Jan. 15, 2009, orig. proceeding); *State v. Garza*, 774 S.W.2d 724, 727–28 (Tex. App.—Corpus Christi 1989, pet. ref'd); *Houston Indep. School Dist. v. Houston Teachers Assoc.*, 617 S.W.2d 765, 766–67 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ). If this court were to order respondent to conduct a hearing on relator's 2004 pretrial motions, this order would have no practical legal effect because respondent has no jurisdiction to hear these motions and granting these motions would have no effect on relator's final conviction for aggravated robbery.[2] *See Holloway*, 360 S.W.3d at 484–90; *Armendarez*, 798 S.W.2d at 291; *Ex parte Clay*, 479 S.W.2d at 677; *In re HEB Grocery Co., L.P.*, 2010 WL 1790881, at *1; *Garza*, 774 S.W.2d at 727–28. The "collateral consequences" and "capable of repetition yet evading review" exceptions to the mootness doctrine do not apply in this proceeding. *See Pharris v. State*, 165 S.W.3d. 681, 687–88 (Tex. Crim. App. 2005); *In re Guerra*, 2009 WL 91743, at *1. Thus, the issues raised by relator in

---

[2] Despite the potential for limited post-conviction jurisdiction in the convicting court, the exclusive remedy from final felony convictions is a writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Holloway*, 360 S.W.3d at 488–89. Only the Texas Court of Criminal Appeals has jurisdiction to grant post-conviction habeas corpus relief in felony cases. *See Holloway*, 360 S.W.3d at 488–89.

3

this mandamus proceeding are moot, and this court should dismiss relator's mandamus petition. *See Armendarez*, 798 S.W.2d at 291 (dismissing as moot appeal from pretrial denial of bail after appellant was convicted in the trial court); *Ex parte Clay*, 479 S.W.2d at 677 (same as *Armendarez*); *In re HEB Grocery Co., L.P.*, 2010 WL 1790881, at *1 (dismissing as moot mandamus petition that sought relief that court concluded would have no practical effect on any existing controversy); *In re Guerra*, 2009 WL 91743, at *1 (dismissing mandamus petition as moot because any ruling by court of appeals would have no practical legal effect); *Garza*, 774 S.W.2d at 727–28 (dismissing as moot appeal in criminal case because any ruling by court of appeals would have no practical legal effect).

The majority denies relator's requested relief on the merits rather than dismissing this proceeding as moot. In doing so, the majority relies upon an opinion that was not designated for publication and therefore has no precedential value. *See* Tex. R. App. P. 47.7(a). The majority does not explain why relator's request is not moot. Nor does the majority cite any cases having any precedential value that would support the proposition that relator's request is not moot. The majority's analysis is contrary to well-established law, under which a case is moot if the appellate court's ruling cannot have any practical legal effect upon a controversy. *See Armendarez*, 798 S.W.2d at 291; *Ex parte Clay*, 479 S.W.2d at 677; *In re HEB Grocery Co., L.P.*, 2010 WL 1790881, at *1; *In re Guerra*, 2009 WL 91743, at *1; *Garza*, 774 S.W.2d at 727–28; *Houston Teachers Assoc.*, 617 S.W.2d at 766–67. Relator's petition should be dismissed as moot.

4

Because this court denies the petition on the merits rather than dismissing it as moot, I respectfully dissent.

/s/     Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Jamison, J., majority).

Publish — Tex. R. App. P. 47.2(b).