In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-22-00179-CV

**VENODHAR JULAPALLI**
**v.**

**MEDICAL STAFF OF HOUSTON METHODIST**
**THE WOODLANDS HOSPITAL**

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-07-09639-CV**

_____

**MEMORANDUM OPINION**

Venodhar Julapalli appeals from the trial court's order dismissing his claim against the Medical Staff of Houston Methodist The Woodlands Hospital for want of subject matter jurisdiction. Because the controversy has become moot pending appeal, we dismiss the appeal.

1

# Background

## Factual History

Julapalli is a medical doctor and board-certified gastroenterologist. Prior to 2021, he had clinical privileges at Houston Methodist The Woodlands Hospital and a was a member of the Medical Staff of Houston Methodist The Woodlands Hospital (Medical Staff). The Medical Staff is an organization described by Appellee as follows:

> The Medical Staff is an independent, unincorporated association of the physicians who see patients at the Hospital. The purpose of The Medical Staff is [t]o provide a mechanism so that all patients admitted to or treated in any of the facilities, Departments, or services of the Hospital shall receive appropriate medical care. A physician must be a member of the Medical Staff to have clinical privileges at that hospital. Hospitals are commonly organized this way to protect the professional autonomy of physicians.

In March 2021, the Medical Staff voted to amend its bylaws to match Methodist Hospital's Covid-19 vaccination policy and require all physician members to have the Covid-19 vaccine. This included Julapalli as a member of the Medical Staff. According to Julapalli, the amendments required all Medical Staff members who did not comply with the vaccination requirement to have "automatic corrective action, leading to an automatic suspension and relinquishment of clinical privileges." Julapalli applied for a religious exemption to the Covid-19 vaccine requirement and was denied the exemption. Julapalli did not get the Covid-19

vaccine and had his clinical privileges to the Methodist Hospital revoked in accordance with the new amendment.

**Procedural History**

In July 2021, Julapalli filed suit against the Medical Staff seeking a declaratory judgment under the Uniform Declaratory Judgment Act (UDJA) to reinstate his clinical privileges. In response, the Medical Staff filed a second amended answer and plea in abatement.[1] In its motion, the Medical Staff asserted that Julapalli failed to comply with the UDJA by not naming important parties with a substantial interest that would be affected by the outcome, and that the claim should be abated unless Julapalli complies with the UDJA. The Medical Staff also asserted a general denial, defenses, and affirmative defenses.

In February 2022, the Medical Staff moved to Dismiss for Want of Subject Matter Jurisdiction, arguing the controversy at issue was moot. The Medical Staff contended because the federal government required all healthcare facilities that receive Medicare and Medicaid funding, such as Houston Methodist, require their healthcare providers be vaccinated against Covid-19 unless they receive a medical or religious exemption, the pending legal action by Julapalli was moot. According to the Medical Staff, this was underscored by the United States Supreme Court's decision in *Biden v. Missouri* allowing the federal mandate to stay in place. *See* 595

---

[1]The Medical Staff also filed a counterclaim that was later nonsuited.

U.S. 87 (2022). The Medical Staff contended that the cause of action must be dismissed because the federal mandate and subsequent Supreme Court decision in *Biden v. Missouri* meant that "no potential declaration by this Court regarding Bylaw amendment voting process can or will restore Plaintiff's clinical privileges at Houston Methodist[.]" Additionally, the Medical Staff argued even without the federal government's mandate, the trial court lacked jurisdiction because Julapalli failed to plead any facts that established the existence of subject matter jurisdiction under the UDJA. Specifically, the Medical Staff argued that the trial court lacked jurisdiction under the UDJA to intervene in the "business of a voluntary, professional non-profit organization and make declarations on purely factual matter – the manner in which the Medical Staff amends its Bylaws." Moreover, the Medical Staff argued the bylaws are not a contract on which a declaratory action can be based. Finally, the Medical Staff argued the trial court lacked jurisdiction because Texas courts have adopted a judicial non-intervention doctrine, in which courts decline to intervene in the internal management of private, voluntary, non-profit organizations.

Julapalli filed his Motion in Response, arguing he had established subject matter jurisdiction under the UDJA, that the Act is "broad and remedial in nature[,]" and the trial court has discretion to enter a declaratory judgment as "it will serve a useful purpose and terminate a controversy between the parties." Julapalli also argued the controversy is not moot because the controversy is whether the Medical

4

Staff correctly followed its bylaws and voting procedures when it enacted the Covid-19 vaccine requirement, not the vaccine mandate itself. According to Julapalli, this distinction creates a "real and concrete issue" that is a "justifiable controversy." Finally, Julapalli argues that *Biden v. Missouri* is inapplicable because here the Medical Staff's mandate was established by improperly passed bylaws, and it was not *Biden* that conferred power on the Defendant to terminate and/or suspend clinical privileges of physicians. Julapalli argued that granting his relief does not prohibit the Medical Staff from resubmitting the amendment to its bylaws "in a proper manner to allow for the vaccine mandate."

After the March 2022 hearing, the trial court took the matter under advisement and signed an Order on Motion to Dismiss for Want of Subject Matter Jurisdiction, granting the Medical Staff's Motion to Dismiss Julapalli's claims for lack of subject matter jurisdiction. Julapalli filed a Motion for New Trial that the trial court denied. Julapalli then timely filed his Notice of Appeal.

**Mootness During the Pendency of the Appeal**

On appeal, Julapalli argues that the trial court erred when it dismissed his appeal for lack of subject matter jurisdiction. Specifically, Julapalli argues that the controversy is not moot, that he need not assert another independent cause of action under the UDJA, and that although the judicial non-intervention clause may apply,

5

the case weighs heavily in favor of judicial intervention by, among other reasons, protecting a fiduciary duty among patient and physician.

As mootness affects our jurisdiction on appeal, we will address that issue first. "For a plaintiff to have standing, a controversy must exist between the parties at every stage of the proceedings, including the appeal." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). If the parties lack a legally cognizable interest in the outcome of the case, or a court's actions cannot affect the parties' rights, the case becomes moot. *See id.*; *see also Pinnacle Gas Treating, Inc. v. Read*, 104 S.W.3d 544, 545 (Tex. 2003). If a judgment, when rendered, will not have practical legal affect upon the parties, the case is moot. *See Houston Indep. Sch. Dist. v. Houston Tchrs. Ass'n*, 617 S.W.2d 765, 766-67 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ). The Fourteenth Court of Appeals explained,

> This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject-matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain.

*Id.* (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217-18 (1923)). "If a case becomes moot, the parties lose standing to maintain their claims." *Williams*, 52 S.W.3d at 184.

6

Julapalli's petition seeks a declaration under the UDJA by the trial court to have his clinical privileges reinstated. The allegations made in support of Julapalli's claims relate to the Medical Staff's alleged violation of its bylaws and voting procedures and subsequent bylaw amendments that required its members to have a Covid-19 vaccine or lose clinical privileges to Houston Methodist. Specifically, Julapalli alleges the Medical Staff "did not comply with the requirements set out in Article XVI of its bylaws including but not limited to notice provisions, quorum requirements, and an inappropriate voting mechanism." Julapalli argues that because of the underlying enactment of the bylaw amendment was void, the amendment that resulted in the loss of his clinical privileges was also void. Julapalli's declaratory judgment action seeks to have his clinical privileges restored, but the federal mandate cited by the Medical Staff is no longer in effect. In May 2023, the federal government ended the Covid-19 public health emergency and in June 2023, the Centers for Medicare and Medicaid Services rescinded its mandate requiring healthcare facilities receiving Medicare or Medicaid funds to require its staff to receive the Covid-19 vaccine. 88 Fed. Reg. 36485, 36502; *see also Phillips v. Rector & Visitors of the Univ. of Virginia*, No. 3:22-CV-00075, 2024 U.S. Dist. LEXIS 49328, at *6-9 (W.D. Va. Mar. 20, 2024). Additionally, in 2024, the State of Texas passed section 81D.002 under the Health and Safety Code prohibiting private employers from enacting a Covid-19 vaccine mandate. Tex. Health & Safety Code

Ann. § 81D.002 ("An employer may not adopt or enforce a mandate requiring an employee, contractor, applicant for employment, or applicant for a contract position to be vaccinated against COVID-19 as a condition of employment or a contract position.").

Once the federal mandate was recalled and the State's 81D.002 statute went into effect, Julapalli's clinical privileges to Methodist Hospital can no longer be contingent on his receiving the Covid-19 vaccine. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 167 (Tex. 2012) ("[W]e agree that the courts have an obligation to take into account intervening events that may render a lawsuit moot. [D]efendants are right that where a plaintiff challenges a statute or written policy, that challenge may well become moot if the statute or policy is repealed or fundamentally altered."). While the parties have not informed this Court whether the bylaw amendment is still in effect, Methodist Hospital and the Medical Staff are now prohibited from requiring its members to receive a Covid-19 vaccine under Texas law. Because of intervening events and fundamental alterations in the law, a declaratory judgment would have no practical legal effect on the parties. It would do no more than attempt to "require something to be done which [has] already taken place" or to "avoid an event which [has] already passed beyond recall." *Houston Indep. Sch. Dist.*, 617 S.W.2d at 767. Julapalli made no other claims and sought no other relief against the defendants. Thus, the controversy between the parties has

8

ceased to exist. "A case also becomes moot when it is impossible for a court to grant effective relief for any reason." *Hallbauer v. Oviedo,* No. 09-13-00103-CV, 2014 Tex. App. LEXIS 6434, at *14 (Tex. App.—Beaumont June 12, 2014, no pet.) (citing *State v. Gibson Products Co.,* 699 S.W.2d 640, 641 (Tex. App.—Waco 1985, no writ)). We need not determine whether the trial court erred in dismissing this case for lack of jurisdiction. We dismiss this appeal as moot. Tex. R. App. P. 43.2(f).

DISMISSED AS MOOT.

PER CURIAM

Submitted on November 21, 2023
Opinion Delivered August 29, 2024

Before Golemon, C.J., Wright and Chambers, JJ.

9