**Opinion issued January 14, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00101-CV

———————————

**MCGILL FINANCIAL LTD., Appellant**

**V.**

**KRISTIN MCGILL, Appellee**

On Appeal from the Probate Court No. 4
Harris County, Texas
Trial Court Case No. 515,128

## MEMORANDUM OPINION

McGill Financial Ltd. filed this interlocutory appeal from the trial court's order granting a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4) (authorizing appeal from grant or refusal of temporary injunction).

Because the temporary injunction has expired, we lack subject-matter jurisdiction to hear this appeal. Accordingly, we dismiss the appeal for lack of jurisdiction.

**Background**

McGill Financial appeals from the trial court's temporary injunction order signed on February 2, 2024. The order stated that "unless terminated earlier, [the order] shall remain in full force and effect until March 26, 2024 at 2:30 p.m." Thus, the order expired on March 26, 2024.

On October 31, 2024, the Clerk of this Court issued a notice of intent to dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a) (authorizing court to dismiss appeal for lack of jurisdiction after giving ten days' notice to parties). The notice requested supplemental briefing from the parties concerning the jurisdictional issue. The deadline to respond has passed, and neither party has filed a response.

**Appellate Jurisdiction**

A suit becomes moot when there is no longer a justiciable controversy between the parties or when the parties no longer have a legally cognizable stake in the outcome. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Mootness occurs when events make it impossible to grant the relief requested or otherwise affect the parties' rights or interests. *Harper*, 562 S.W.3d at 6. Mootness can occur at any time,

including on appeal. *Id.* When a case becomes moot, the court loses subject-matter jurisdiction. *Id.*; *Jones*, 1 S.W.3d at 86 ("Appellate courts are prohibited from deciding moot controversies.").

When a temporary injunction expires and thus no longer exists, an appeal challenging the validity of the order becomes moot. *Jones*, 1 S.W.3d at 86; *Parr v. Stockwell*, 322 S.W.2d 615, 616 (Tex. 1959) (per curiam); *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 741 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on reh'g). In this circumstance, we must dismiss the appeal. *Jordan*, 89 S.W.3d at 741; *see Ellington Indus. Park 25A v. Denenburg*, 642 S.W.2d 8, 10 (Tex. App.—Houston [14th Dist.] 1982, no writ) (dismissing appeal from temporary injunction as moot because temporary injunction had already expired by its own terms). Texas appellate courts routinely apply this well-established law. *E.g.*, *Saroj Haddington, LLC v. Puckett*, No. 01-22-00066-CV, 2022 WL 2976227, at *1–2 (Tex. App.—Houston [1st Dist.] July 28, 2022, no pet.) (per curiam) (mem. op.) (dismissing appeal from temporary injunction order that became moot by expiration of order during pendency of appeal); *Roswell v. Cleaver-Brooks Sales & Serv., Inc.*, No. 14-19-00673-CV, 2020 WL 897101, at *1 (Tex. App.—Houston [14th Dist.] Feb. 25, 2020, no pet.) (per curiam) (mem. op.) (same); *Stone v. Glazier Foods Co.*, No. 01-09-00042-CV, 2009 WL 3152187, at *1 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (per curiam) (mem. op.) (same).

The temporary injunction at issue in this appeal expired by its own terms in March 2024. Consequently, there no longer exists a justiciable controversy between the parties with respect to the temporary injunction. Any ruling from this Court would not affect the parties' rights or interests. *See Jones*, 1 S.W.3d at 86 ("When a temporary injunction becomes inoperative due to a change in status of the parties or the passage of time, the issue of its validity is also moot."). This appeal is therefore moot, and we lack subject-matter jurisdiction to hear the merits of the appeal.

## Conclusion

We dismiss the appeal for lack of subject-matter jurisdiction.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.